IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LIZA SAMPLE                                                                                          PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:12-CV-303-CWR-FKB

HOLMES COUNTY, MISSISSIPPI, et al.                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Holmes County, Mississippi's and Defendant Holmes-Humphreys Regional Correctional Facility's (collectively, "the Defendants") motion to dismiss, pursuant to Federal Rule of Civil Procedure 4(m). Docket No. 8. The Plaintiff opposes the motion. Docket No. 10. The Defendants have filed a rebuttal brief, Docket No. 12. The Court held a hearing on the motion on August 9, 2013. Upon careful consideration of the parties' briefs and arguments, the motion to dismiss is DENIED.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Liza Sample ("Sample") filed her complaint on May 2, 2012. Sample alleges that the Defendants, her former employers, violated the Americans with Disabilities Act ("ADA") by discriminating against her on the basis of her disability.[1] Sample alleges that she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on May 1, 2010, and that she filed this lawsuit within 90 days of receiving the EEOC's Right to Sue letter. *Id.* ¶¶ 19-20. Through this action, Sample seeks all damages to which she is entitled under the ADA and any other relief deemed equitable by this Court. *Id.* ¶¶ 22-23.

---

[1] According to the Complaint, Sample worked for the Defendants for several years as a corrections officer. Docket No. 1, ¶¶ 7-18. During that time, Sample was diagnosed with asthma and asked to work where she would not be exposed to asthma triggers. *Id.* ¶¶ 8, 11. Sample alleges that the Defendants denied her request and that they fired her on July 20, 2010, because she did not produce a medical release stating that she could work any position in the correctional facility. *Id.* ¶¶ 16, 18.

Sample failed to serve process on the Defendants within the 120-day period provided by Rule 4(m). The deadline passed on August 30, 2012. Through counsel, she requested an extension until September 30, 2012, or ten days after any order granting the motion was signed, whichever was later. Docket No. 4. Magistrate Judge F. Keith Ball granted Sample's motion on October 11, 2012, and gave Sample until October 22, 2012, to serve the Defendants. Docket No. 5.[2]

On October 18, Plaintiff attempted to serve process on Holmes County, Mississippi. The summons indicates that it was issued for "Holmes County, Mississippi d/b/a Holmes/Humphreys Regional Correctional Facility in care of Holmes County Board of Supervisors." Docket No. 7, at 1. The summons was served on "Charlie Lucket" at the "Holmes County Chancery Clerk." *Id*. at 2. The Defendants state that the person served was Charlie Luckett, the wife of the Holmes County chancery clerk. Docket No. 12, at 2. The summons indicates that Charlie Luckett was "designated by law to accept service of process on behalf of Holmes County, Mississippi." *Id*.[3]

The Defendants have moved to dismiss the complaint for failure to timely serve process. The Defendants' initial motion argues that the magistrate judge improperly granted Sample's motion for an extension of time under Rule 4(m). The Defendants contend that Sample's failure to serve process within 120 days cannot be excused because she did not demonstrate "good cause" supporting her motion for an extension of time. On rebuttal, the Defendants presented a

---

[2] The Court entered its order on October 11, 2012. The tenth day after entry of that order was October 21, 2012. Because October 21 fell on a Sunday, Sample had until the next business day (October 22) to serve the Defendants.

[3] Humphreys County, Mississippi ("Humphreys County"), was originally listed as a co-defendant in this action. The Clerk of Court issued a summons as to Humphreys County, and Sample requested and was granted an extension of time to serve process on Humphreys County along with the other Defendants. Sample did not attempt service on Humphreys County until October 24, 2012, two days after the extended time limit granted by the magistrate judge. At the hearing on this motion, Sample conceded that Humphreys County was not served by the deadline imposed by the Court. Accordingly, Humphreys County is due to be dismissed.

new ground for dismissal, claiming that they have not been properly served.  The Court will address each of these arguments in turn.

## II. LEGAL STANDARD

The burden rests on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint.  Fed. R. Civ. P. 4(c)(1).

> Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service.  *Id.  Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service*. *Id.* A discretionary extension may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note (1993).

*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (emphasis added).

## III. DISCUSSION

### A.  *Granting Extension of Time*

The threshold issue in this case is whether the magistrate judge had the discretionary authority to grant an extension of time to serve process.  The Defendants' argument in its initial motion to dismiss fails to provide the Court with a compelling reason to disturb the magistrate judge's ruling. The question of whether Sample's motion demonstrated good cause would not change the result because the Court has discretionary power to extend the time for service.

If a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service.  *Id.*[4]  Even if good cause is lacking, the court also has discretionary power to extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.

---

[4] The Court of Appeals for the Fifth Circuit has indicated that good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."  *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995).  Here, this Court does not address whether Sample had "good cause" to support her motion for an extension of time, but considers the motion under its discretionary authority.

3

1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause").

Dismissals under Rule 4(m) for failure to timely serve process are made without prejudice. If, however, a complaint is dismissed and would have to be re-filed, and that re-filed complaint would be beyond an applicable statute of limitations, the Rule 4(m) dismissal would not interrupt the running of the statute of limitations. Thus, the dismissal would be the equivalent of the claim having never been filed at all, and would thus have a prejudicial effect. *See Cruz v. Louisiana ex rel. Dep't of Public Safety and Corrs.*, 528 F.3d 375, 379 (5th Cir. 2008). The Fifth Circuit has found that granting an extension of time may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan*, 546 F.3d at 325.

In this case, exercise of that discretion is especially warranted. Sample's disability discrimination claim under the ADA is subject to a 90-day statute of limitations that is "strictly construed." *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Because that limitations period expired during the time given to serve process, Sample could not re-file this lawsuit if her case were dismissed for want of timely service. *See Havard v. F.M. Logistics, Inc.*, 252 F.R.D. 317, 319 n.5 (S.D. Miss. 2008) (indicating that "the court may consider" the expiration of the applicable statute of limitations in deciding whether to grant an extension). Therefore, a ruling that denied Sample's motion for an extension of time would have had the effect of dismissing her claims with prejudice. *Id.*; *see also Franklin v. La-Z-Boy, Inc.*, No. 409-cv-68, 2010 WL 60918, at *2 n.4 (S.D. Miss. Jan. 5, 2010) (collecting cases). "Because dismissal with prejudice is an extreme sanction that deprives a

litigant of the opportunity to pursue [her] claim," such action was unwarranted on the record before the magistrate judge. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512-13 (5th Cir. 2013) (citation and quotation marks omitted). Accordingly, the magistrate judge properly exercised discretion in favor of allowing the extension.

### B. *Alternate Argument on Rebuttal*

In the alternative, the Defendants argue on rebuttal that they were not properly served. This alternative argument is not cognizable because it has been improperly raised on rebuttal rather than in the initial motion to dismiss.

Federal Rule of Civil Procedure 12(b) provides that a party responding to a complaint may assert certain defenses by motion, including insufficient service of process. Fed. R. Civ. P. 12(b)(5). A motion asserting either of these defenses must be made before pleading if a responsive pleading is allowed. Fed. R. Civ. P. 12(b). "A party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). The Rule requires that a defendant raise all affirmative defenses in its initial motion to dismiss. A party waives the defense of insufficient service of process where the party omits it from its initial motion as described in Rule 12(g)(2). Fed. R. Civ. P. 12(h)(1)(A). If it does not raise any available defense in its initial motion, it may amend that motion under Rule 15(a) or the defense is considered waived. *See* Fed. R. Civ. P. 12(h)(1)(B).

In its motion to dismiss, the Defendants only challenge the magistrate judge's authority to grant the extension of time, arguing that the Plaintiff did not show "good cause" for receiving an extension. Docket No. 8. In its rebuttal to the Plaintiff's response, the Defendants raise the additional argument that they were not properly served. The Defendants argue that the summons

was not delivered to the proper party, which would be the president or the clerk of the Board of Supervisors for Holmes County or Humphreys County.[5] The Defendants did not argue in their initial motion that they were not served. The Defendants also never attempted to raise this defense by amending their motion under Rule 15(a), as provided in Rule 12(h)(1)(B).[6] They raise this new argument only in reply to Sample's response.  Because this argument was not presented in the Defendants' initial brief, and as a result, Sample had no opportunity to address it in her response, the Court declines to consider the argument.  *See Johnson v. Wal-Mart Stores East, LP*, No. 3:12-CV-21, 2013 WL 395975, at *3 n.1 (S.D. Miss. Jan. 31, 2013) (citation omitted) ("[T]he reply memorandum is not the appropriate place to raise new arguments.").

In addition, the alternative argument must be rejected because the Defendants stated that they were served.  In the  initial motion, the Defendants state that "Plaintiff had until on or before August 30, 2012 within which to effectuate service.   Plaintiff however did not serve defendant until October 18, 2012."  Docket No. 8, at 2.  The motion also affirmatively states, "Defendant was served on October 18, 2012."  *Id*.  At the hearing on this motion, the Court questioned the Defendants about the statements, and the Defendants offered no explanation.  These statements amount to the Defendants' affirmative admission that they were served.  *See City of Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) (court may treat statements in briefs as

---

[5] The Defendants assert that, in their official capacities as a county and the agency of a county, proper service under Mississippi and federal law requires "delivering a copy of the summons and complaint to the president or clerk of the board of supervisors." Miss. R. Civ. P. 4(d)(6); *see also* Fed. R. Civ. P. 4(j)(2) (requiring that "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.") The summonses for Holmes and Humphreys Counties were both served at the chancery clerk's office on the wives of the chancery clerks for their respective counties. *See* Docket Nos. 6; 7; and 12, at 3.  The Defendants argue that, since neither of the women serves as president or clerk of the board of supervisors, service was not perfected when the summonses were delivered to them.

[6] Rule 15(a) allows a party to amend its pleading within 21 days after service of a 12(b) motion.  Fed. R. Civ. P. 15(a)(1).  If a party's proposed amendment falls outside the time limit, it may amend only with the opposing party's written consent or leave of the court.  Fed. R. Civ. P. 15(a)(2).

binding judicial admissions of fact); *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention."). Thus, the Defendants have waived an insufficient service challenge both as a result of this admission and their failure to raise this defense in their initial motion. *See* Fed. R. Civ. P. 12(h)(1); Wright & Miller, Federal Practice and Procedure § 1353, at 281 (2d ed. 1990) ("[I]f a motion is made asserting any of the defenses listed in Rule 12(b), any objection to process must be joined in that motion or it will be deemed waived."); *id.* § 1391, at 744 ("[I]t now is settled that any time a defendant makes a pre-answer Rule 12 motion, he must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b)."). The Defendants have received notice of the suit and proceedings should continue.

### III. CONCLUSION

For the reasons explained above, the Defendants' motion to dismiss is denied.

**SO ORDERED**, this the 28th day of August, 2013.

                                              s/Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE